NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR J. ARANDA, | ) | No. C 07-01443 JF (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| vs. | ) ) | |
| BEN CURRY, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 9) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Respondent filed a motion to dismiss for failure to exhaust state remedies. (Docket No. 9.) Petitioner did not file opposition. The Court will grant the motion and DISMISS the petition with leave to amend.

**BACKGROUND**

A Contra Costa Superior Court jury convicted Petitioner of second degree robbery (Cal. Penal Code § 211). Petitioner was sentenced to a term of eleven years in state prison. On direct appeal, the state appellate court affirmed Petitioner's conviction on September 15, 2005. The state supreme court denied a petition for review on December

1  21, 2005. Petitioner filed the instant petition on March 13, 2007.

## DISCUSSION

A. <u>Exhaustion</u>

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. <u>See</u> 28 U.S.C. § 2254(b),(c); <u>Rose v. Lundy</u>, 455 U.S. 509, 515-16 (1982); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981); <u>McNeeley v. Arave</u>, 842 F.2d 230, 231 (9th Cir. 1988).

Respondent contends that the instant petition is a mixed petition because it contains both exhausted and unexhausted claims. Accordingly, Respondent argues that a petition containing one or more unexhausted claims must be dismissed, <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), or alternatively, Petitioner should amend the petition to delete the unexhausted claims. (Resp't Mot. 6.) Respondent has submitted copies of Petitioner's direct appeal brief and the petition for review in the California Supreme Court showing that Petitioner failed to present several of the claims raised in the instant federal petition before the state high court. (<u>Id.</u> Exs. 1-5.) These unexhausted claims include the following: 1) Petitioner's Sixth Amendment right to effective assistance of counsel was violated by his counsel's failure to argue the <u>Batson/Wheeler</u> motion effectively; 2) a prejudicial violations of Petitioner's Fifth, Sixth, and Fourteenth Amendment protections occurred by the trial court's summary rejection of the jury's request for "defense counsel's 'burden of proof'" without considering how it could assist the jury; 3) a prejudicial violation of his Fifth and Sixth Amendment protections occurred by the trial court's failure to recognize its discretion to grant the deliberating jury's request for "defense counsel's 'burden of proof'"; 4) denial of his Sixth Amendment right to effective assistance of counsel when defense counsel failed to assure the trial court

1  responded properly to the jury's request for "defense counsel's 'burden of proof'"; and 5)
2  the trial court erred in sentencing him to the aggravated term based on facts neither
3  submitted to nor found by the jury based upon Cunningham v. California, 127 S.Ct. 856
4  (2007).  Respondent also contends that Petitioner asserts additional facts never presented
5  in state court with respect to the claim that the trial court erred in failing to appoint new
6  counsel for purposes of a new trial motion.  (Resp't Mot. 5.)

7       A federal district court must dismiss such a "mixed" federal habeas petition, *i.e.*, a
8  petition containing any claims as to which state remedies have not been exhausted under
9  28 U.S.C. § 2254(b)-(c).  See Rose, 455 U.S. at 522.  Alternatively, Petitioner may amend
10 the mixed petition by striking unexhausted claims as an alternative to suffering dismissal
11 before the Court may dismiss the petition.  Jefferson v. Budge, 419 F.3d 1013, 1016 (9th
12 Cir. 2005); Brambles v. Duncan, 412 F.3d 1066, 1069-71 (9th Cir. 2005).  As a third
13 alternative, Petitioner may obtain a stay of the instant petition while he exhausts his
14 unexhausted claims in state court.  District courts have the authority to issue stays of
15 mixed federal habeas petitions, and the AEDPA does not deprive them of that authority.
16 Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005).  The use of a stay and abeyance is only
17 appropriate, however, where the district court has first determined that there was good
18 cause for the Petitioner's failure to exhaust the claims in state court and that the claims
19 are potentially meritorious.  Id.  If Petitioner wishes to obtain a stay, he must file a motion
20 to stay the petition that includes a showing of good cause for his failure to exhaust his
21 unexhausted claims prior to filing the present petition.

22
23                             **CONCLUSION**
24      In light of the foregoing, the Court hereby orders as follows:
25      1.     Respondent's motion to dismiss (Docket No. 9) is GRANTED.  The
26 petition is hereby DISMISSED WITH LEAVE TO AMEND.  Within **thirty (30) days** of
27 the date this order is filed, Petitioner may file an amended petition that includes only his
28 exhausted claims, and that strikes all of the unexhausted claims.  The amended petition

P:\PRO-SE\SJ.JF\HC.07\Aranda443.dwlta.wpd    3

1 must also set forth a violation of a federal constitutional right or other federal law with
2 respect to each claim, and any such violation of federal law must have been presented to
3 the California Supreme Court in order for the claim to be properly raised in the amended
4 petition.  The amended petition must be on this Court's form for habeas petitions, it must
5 include the caption and civil case number used in this order, No. C 07-01443 JF (PR), as
6 well as the words AMENDED PETITION on the first page, and Petitioner may not
7 incorporate material from the original petition by reference.

**Failure to file an amended petition in conformity with this order shall result in the dismissal of this action without prejudice to Petitioner's later filing a new petition after he has finished exhausting his claims in state court.**

2. If Petitioner files an amended petition in conformity with this order, and there are additional claims he wishes to pursue that have not been exhausted, Petitioner may file, **at the same time as he files the amended petition**, a motion to stay the instant petition while he exhausts his unexhausted in the state courts.  Such a motion must be accompanied by a showing of good cause why the unexhausted claims were not exhausted prior to filing the present petition, and a showing that the unexhausted claims potentially have merit.

This order terminates Docket No. 9.

IT IS SO ORDERED.

DATED: 9/10/08

JEREMY FOGEL
United States District Judge