NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. ARANDA,<br><br>            Petitioner,<br><br>    vs.<br><br>BEN CURRY, Warden,<br><br>            Respondent. | No. C 07-1443 JF (PR)<br><br>ORDER GRANTING MOTION TO STAY; INSTRUCTIONS TO CLERK<br><br>(Docket No. 12) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court ordered Respondent to show cause why the petition should not be granted based on Petitioner's eight cognizable claims.  Respondent's motion to dismiss on the grounds that several of the claims were unexhausted was granted. Petitioner was granted leave to file an amended petition containing only his exhausted claims, as well as the option of filing a motion to stay this matter while he exhausts his unexhausted claims.  Petitioner has filed an amended petition and a motion to stay.  For the reasons discussed below, the motion to stay will be GRANTED.

**DISCUSSION**

G:\PRO-SE\SJ.JF\HC.07\Aranda1443__staymix.wpd        1

A.     Amended Petition

In the order granting Respondent's motion to dismiss, the Court found the following five claims to be unexhausted:  1) Petitioner's Sixth Amendment right to effective assistance of counsel was violated by his counsel's failure to argue the Batson/Wheeler motion effectively; 2) a prejudicial violations of Petitioner's Fifth, Sixth, and Fourteenth Amendment protections occurred by the trial court's summary rejection of the jury's request for "defense counsel's 'burden of proof'" without considering how it could assist the jury; 3) a prejudicial violation of his Fifth and Sixth Amendment protections occurred by the trial court's failure to recognize its discretion to grant the deliberating jury's request for "defense counsel's 'burden of proof'"; 4) denial of his Sixth Amendment right to effective assistance of counsel when defense counsel failed to assure the trial court responded properly to the jury's request for "defense counsel's 'burden of proof'"; and 5) the trial court erred in sentencing him to the aggravated term based on facts neither submitted to nor found by the jury based upon Cunningham v. California, 127 S.Ct. 856 (2007).

The Court found the following three claims in the original petition to be exhausted: 1) his federal constitutional right to equal protection was violated by the erroneous finding that he failed to establish a prima facie case of prosecutorial group discrimination during voir dire; 2) a prejudicial violation of federal constitutional rights to assistance of counsel, to presence at critical stages of the trial, to proof beyond a reasonable doubt, and to a jury verdict occurred by the trial court's rejection of the jury's request for "defense counsel's 'burden of proof'" without notifying petitioner; and 3) the trial court erred in failing to appoint new counsel for purposes of a new trial motion.[1]  As the petition was a "mixed petition" containing both exhausted and unexhausted claims, the petition was dismissed.  See Rose v. Lundy, 455 U.S. 509 (1982) (a petition containing one or more

---

[1] Although some of the facts asserted in the original petition herein in support of this claim had not been raised in the California Supreme Court, the claim as a whole was presented to the state high court.  As a result, this claim was exhausted.

unexhausted claims must be dismissed).

The Court granted Petitioner leave to file an amended petition containing only exhausted claims. Petitioner filed a form amended petition which, in the section of the form where the claims are to be listed, simply refers to an attached motion for rehearing that Petitioner had filed in the California Court of Appeal. (Attachment to Amended Pet. at 6a-6aa.) The attached brief sets forth four claims, the first three of which relate to the claim from the original petition that the prosecutor engaged in group discrimination during voir dire, which claim this Court has already found to be exhausted. (Id. at 6e-6w.) The fourth claim in the attached brief is the exhausted claim from the original petition that the trial court erred in failing to appoint new counsel. (Id. at 6w-6aa.) Thus, the amended petition sets forth two of the three exhausted claims from the original petition.

B.      Motion to Stay

Petitioner requests in his motion for a stay that he be permitted to return to state court to exhaust one of the unexhausted claims from the original petition, namely the claim that his sentence violated his constitutional rights under Cunningham. District courts have the authority to issue stays and AEDPA does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. The Court has already determined in the order to show cause that the Cunningham claim is potentially meritorious, and Petitioner has indicated that he did not exhaust it prior to filing his petition because Cunningham was decided in 2007, after Petitioner had pursued his direct appeals.[2] The Court is satisfied that this constitutes good cause for Petitioner's failure to exhaust this claim previously. Consequently,

---

[2] Cunningham applies retroactively. See Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).

Petitioner's motion to stay this action while he exhausts this claim in the state courts will be granted, and Petitioner will be granted an opportunity to further amend his petition to include this claim after he has exhausted it.

In his motion for a stay, Petitioner does not state that he wishes to exhaust the other four unexhausted claims from his original petition, to wit: 1) Petitioner's Sixth Amendment right to effective assistance of counsel was violated by his counsel's failure to argue the Batson/Wheeler motion effectively; 2) a prejudicial violations of Petitioner's Fifth, Sixth, and Fourteenth Amendment protections occurred by the trial court's summary rejection of the jury's request for "defense counsel's 'burden of proof'" without considering how it could assist the jury; 3) a prejudicial violation of his Fifth and Sixth Amendment protections occurred by the trial court's failure to recognize its discretion to grant the deliberating jury's request for "defense counsel's 'burden of proof'"; 4) denial of his Sixth Amendment right to effective assistance of counsel when defense counsel failed to assure the trial court responded properly to the jury's request for "defense counsel's 'burden of proof'."   Petitioner also has not attempted to establish good cause under Rhines for his failure to exhaust these claims prior to coming to federal court. Indeed, Petitioner simply states in conclusory fashion that the claims are "already exhausted." However, the Court has already determined that they are not.  As the above four claims are unexhausted, and Petitioner has neither requested a stay to exhaust them nor shown good cause for his failure to do so previously, Petitioner may not include them in any future amended petition he files following exhaustion of his Cunningham claim, as provided below.

## CONCLUSION

1.   Petitioner's application to stay the petition (docket no. 12) is GRANTED, and the above-titled action is hereby STAYED until **30 days** after the state supreme court's final decision on Petitioner's claim under Cunningham v. California, 127 S.Ct. 856 (2007).

2.   If Petitioner intends to have this Court consider the Cunningham, he must

1  properly present it to the Supreme Court of California **within thirty days** of the date this
2  order is filed, and if he has not obtained relief in state court, thereafter notify the Court
3  **within thirty days** of the California Supreme Court's decision, by filing a motion to
4  reopen this action and for leave to amend his petition to add the newly exhausted claim.
5  Petitioner must file a SECOND AMENDED PETITION at the same time as the motion to
6  reopen this action.  The second amended petition must include the caption and civil case
7  number used in this order, No. C 07-01443 JF (PR), and must include the words
8  SECOND AMENDED PETITION on the first page.

9      3.    The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay
10  of this action.  This has no legal effect; it is purely a statistical procedure.  When
11  Petitioner informs the Court that he has exhausted his additional claims, the case will be
12  administratively re-opened.

13      4.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
14  the Court informed of any change of address by filing a separate paper with the clerk
15  headed "Notice of Change of Address."  He must comply with the Court's orders in a
16  timely fashion or ask for an extension of time to do so.  Failure to comply may result in
17  the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

18    This order terminates Docket No. 12.

19    IT IS SO ORDERED.

20  Dated:  11/13/08

JEREMY FOGEL
United States District Judge